AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Western District of Kentucky

<table>
<tr><td>United States of America</td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>LAVON JONES</td><td>)</td><td>Case No.   <b>3:26MJ-626-LLK</b></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><i>Defendant(s)</i></td><td></td><td></td></tr>
</table>

**FILED**
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date:       Jul 15, 2026

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of    July 12, 2026    in the county of    Jefferson    in the Western District of    Kentucky    , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 922(o) | Possession of a Machinegun |
| 26 U.S.C § 5861(d) | Possession of an Unregistered Firearm |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

/s/ Jarrod Chittum
*Complainant's signature*

Jarrod Chittum, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed via telephone.

Date:   July 15, 2026

City and state:        Paducah, Kentucky

**Lanny King, Magistrate Judge**
**United States District Court**

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jarrod C. Chittum, being duly sworn, do hereby depose and say:

## INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since March 2015. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and ATF's Special Agent Basic Training. Further, I have completed ATF's Firearms Interstate Nexus Training, ATF's Advanced Interstate Nexus Training, and ATF's Advanced Privately Made Firearms (PMF) Training. I have a Bachelor of Arts degree in Business Administration from Lindsey Wilson College in Columbia, KY, and a Master of Business Administration (MBA) degree from the University of Rio Grande in Rio Grande, OH.

2. I am currently assigned to the ATF Louisville Field Division, Bowling Green, KY Field Office (FO), which is comprised of ATF Special Agents whose primary responsibilities include investigating individuals or groups who have committed violations of the federal firearms and narcotics laws.  During my tenure as an ATF agent, I have conducted and participated in numerous investigations, and have debriefed, or participated in debriefings of defendants, informants, and witnesses who had personal knowledge regarding federal firearms and narcotics violations.  I have participated in all aspects of these investigations and have been the Affiant for numerous affidavits, in support of both search and arrest warrants.

3. The information set forth below is either known to me personally or was relayed to me by other law enforcement personnel.  Because this affidavit is being submitted for the limited purpose of securing a criminal complaint for Lavon JONES *(B/M, Date of Birth (DOB): 04/13/2007, Last known address (LKA): 6001 Bristol Bluffs Cir., Louisville, KY 40299)*, I have

set forth only the facts that I believe are necessary to establish probable cause of violations of Title 18 U.S.C. § 922(o) *(Possession or transfer of a post-ban (5/19/1986) machinegun);* and Title 26 U.S.C. § 5861(d) *(Receive or possess a NFA firearm not registered in the NFRTR)*, which occurred within the Western District of Kentucky (WDKY).

## NATIONAL FIREARMS ACT (NFA)

4.      The NFA was originally enacted in 1934. Similar to the current NFA, the original Act imposed a tax on the making and transfer of firearms defined by the Act, as well as a special (occupational) tax on persons and entities engaged in the business of importing, manufacturing, and dealing in NFA firearms. The law also required the registration of all NFA firearms with the Secretary of the Treasury (now maintained by the Department of Justice). Firearms subject to the 1934 Act included shotguns and rifles having barrels less than 18 inches in length, certain firearms described as "any other weapons," machineguns, and firearm mufflers and silencers.

5.      On August 3, 2017, the ATF Firearms & Ammunition Technology Division (FATD) issued a memorandum related to Glock Conversion Devices that states the following:

*A machinegun is a firearm under the National Firearms Act (NFA), 26 U.S.C. § 5845(a). A machinegun is defined, in pertinent part, as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b). A Glock conversion device – commonly referred to as "Glock Switch" or "Glock Auto Sear" – is a part, or combination of parts, designed and intended for use in converting a semiautomatic Glock pistol into a machinegun; therefore, it is a "machinegun." The Gun Control Act, 18 U.S.C. § 922(o), prohibits the transfer or possession of a machinegun manufactured after May 19, 1986. ATF is not aware of any Glock conversion devices that were developed before May 19, 1986. As such, Glock conversion devices are*

*considered post-1986 machineguns. Therefore, they may only be lawfully possessed by properly licensed Federal Firearms licensees who have paid the appropriate Special Occupational Tax required of those manufacturing, importing, or dealing in NFA firearms under the authority of the United States and any department or agency thereof or a State or a department, agency, or political subdivision thereof. 18 U.S.C. § 922(o).*

*Conversion is fast, simple, and requires little technical expertise. Most conversions typically involve removal of the original polymer slide cover plate and replacement with the conversion device. In some cases, the device may actually be attached to the existing slide cover plate. The conversion device is usually made of metal. The conversion process can take less than 60 seconds to complete. Conversion of a Glock pistol will result in a rate-of-fire of approximately 1100 -1200 rounds per minute.*

### NATIONAL FIREARM REGISTRATION AND TRANSFER RECORD (NFRTR)

6. The NFRTR is the central registry of all NFA firearms in the U.S. which are not in the possession or under the control of the U.S. Government. The registry includes (1) the identification of the firearm, (2) date of registration, and (3) identification and address of the person entitled to possession of the firearm (the person to whom the firearm is registered). According to a search of ATF's records, JONES does not have any firearms registered in the NFRTR.

### INVESTIGATION BACKGROUND

7. On July 12, 2026, at approximately 0225 hours, Officer Cornett with the Louisville Metro Police Department (LMPD) received a telephone call from LMPD Officer Lawerence.  Officer Lawerence was working off duty at The Hub, 1125 Bardstown Road.

Officer Lawrence stated that several individuals, with a few wearing backpacks, were standing in front of 1139 Bardstown Road, Neat Bourbon Bar. Officer Lawrence stated that he had suspicion to believe that the individual with the gray backpack, later identified as JONES, was in possession of a firearm as well as having a warrant for fleeing and evading. Neat Bourbon Bar closes at 0000 hours and has a no trespass waiver.

8.      Officer Cornett observed the individuals walking south on Bardstown Road towards McDonald's and attempted to make contact with the individual in front of 1237 Bardstown Road. When Officer Cornett started walking towards the individuals, the individuals turned the other way and began walking northbound. Officer Cornett yelled to JONES, "You with the gray backpack, police... stop!" As officer Cornett approached JONES, he [JONES] took off running. Officers eventually caught JONES and did a control take down.

9.      On the ground, JONES continuously disobeyed commands to give officers his hands and to roll over onto his stomach. Once officers had JONES handcuffed and secured, Officer Cornett asked JONES if he had anything on him or in his backpack. JONES stated that he did have a firearm. A firearm was located in his backpack. The firearm had a switch, also referred to as a Machinegun Conversion Device (MCD), drum magazine, and a round in the chamber of the firearm.

10.     Officer Cornett provided JONES with his Miranda rights, and JONES refused to answer any questions.

**<u>CONCLUSION</u>**

11.     SA Chittum believes, based upon the above, there is probable cause to believe that Lavon JONES violated Title 18 U.S.C. § 922(o) *(Possession or transfer of a post-ban (5/19/1986) machinegun);* and Title 26 U.S.C. § 5861(d) *(Receive or possess a NFA firearm not*

*registered in the NFRTR).*

12.    SA Chittum, having signed this Affidavit under oath as to all assertions and allegations contained herein, states that its contents are true and correct to the best of his knowledge, information, and belief.

13.    Accordingly, SA Chittum respectfully requests that the Court approve the Criminal Complaint.

Respectfully submitted,

/s/ Jarrod Chittum

Jarrod C. Chittum

Special Agent, ATF

Sworn to me and subscribed by telephone in accordance with Fed. R. Crim. P. 4.1 and 41(d)(3) on the 15th day of July 2026.

**Lanny King, Magistrate Judge**
**United States District Court**